UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-182-GWU

DENNIS BLACKBURN,                                                                    PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

## INTRODUCTION

Dennis Blackburn brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

>    Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4.   Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5.   Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

07-182 Dennis Blackburn

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-182  Dennis Blackburn

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Blackburn, a 35-year-old former fast food worker, fork lift operator, stocker, and laborer with a "limited" education, suffered from impairments related to Crohn's disease and degenerative joint disease of the left shoulder. (Tr. 15, 18). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 16, 18). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 19). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Melissa Glannon included an exertional restriction to light level work restricted from a full range by such non-exertional limitations as (1) an inability to ever crouch and climb ladders or scaffolds; (2) an inability to more than occasionally kneel or crawl; (3) a "limited" ability to reach overhead with the left upper extremity; (4) an inability to push or pull more than 20 pounds with the upper extremities or perform any repetitive pushing/pulling with the left upper extremity; (5) an inability to ever operate motor vehicles; and (6) a need to avoid unprotected heights or dangerous moving machinery. (Tr. 383). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Id.). Therefore, assuming that the vocational factors considered by Glannon fairly characterized Blackburn's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Blackburn has not raised an issue concerning the ALJ's evaluation of his physical condition. Dr. Stephen Nutter examined the plaintiff and diagnosed Crohn's disease and post-traumatic degenerative arthritis. (Tr. 355). Dr. Nutter restricted the plaintiff to lifting a maximum of 20 pounds and 10 pounds on a frequent basis. (Tr. 356). The claimant was never to climb ladders or crouch and could kneel or crawl on only an occasional basis. (Tr. 357). Restrictions were noted

on reaching, pushing/pulling and seeing.[1] (Tr. 358). Finally, Blackburn was to avoid exposure to heights and moving machinery. (Id.). The hypothetical factors were consistent with these restrictions.

Such treating and examining sources as the staff at the Pikeville United Methodist Hospital[2] (Tr. 146-223, 228-315) and Dr. Oon Leedhanachoke (Tr. 224-226) did not identify the existence of more severe physical limitations than those found by the ALJ. Dr. Gary Higgason (Tr. 227) and Dr. Jorge Baez-Garcia (Tr. 316) each reviewed the record and opined that Blackburn's physical problems did not appear to be "severe." These aforementioned reports provide substantial evidence to support the administrative decision.

Dr. Carmen Parker, a treating physician at Pikeville Family Practice Clinic, identified extremely severe physical restrictions on a Medical Assessment of Ability to do Work-Related Activities form, including an inability to lift any weight at all. (Tr. 343-345). The ALJ considered this opinion and opined that the restrictions were not supported by sufficient objective medical data. (Tr. 18). The only objective data cited in support were limitations concerning left shoulder range of motion and

---

[1] Dr. Nutter did not believe that the plaintiff's vision was sufficient to meet the requirements to obtain a commercial driver's license. (Tr. 358). The prohibition on driving motor vehicles contained in the hypothetical question covers this limitation.

[2] Pikeville United Methodist Hospital has now changed its name to Pikeville Medical Center.

strength. (Tr. 16, 343). Therefore, the ALJ properly rejected Dr. Parker's physical limitations.

Dr. David Minnix, a treating source at the Pikeville Family Practice Clinic, noted that Blackburn had been treated for colon resection, Crohn's disease and chronic diarrhea. (Tr. 341). The physician opined that the plaintiff should be placed on permanent disability. (Id.). Dr. Minnix did not identify any specific functional restrictions which would afflict the claimant. The administrative regulations provide that a statement from a physician that a claimant is "disabled" is not binding on the Commissioner. 20 C.F.R. § 404.1527(e)(1). Thus, the ALJ was free to reject this opinion. The ALJ noted this opinion but concluded that objective medical data did not indicate that the claimant's diarrhea problems were totally disabling. (Tr. 18). The record revealed he had maintained a normal nutritional status without weight loss. (Id.). Therefore, the ALJ properly rejected the opinion of Dr. Minnix.

Blackburn argues that the ALJ erred in failing to find that he suffered from a "severe" mental impairment. The plaintiff cites a Mental Residual Functional Capacity Assessment form completed by Dr. Parker upon which she notes a history of depressive episodes and rates his ability to function as "fair" in a number of areas of functioning, including dealing with work stresses, functioning independently, maintaining attention and concentration, understanding, remembering and carrying out complex job instructions, behaving in an emotional stable manner, relating

07-182  Dennis Blackburn

predictably in social situations, and demonstrating reliability. (Tr. 348-349). The ALJ cited a number of reasons for rejecting this opinion including the lack of objective medical evidence supporting the assessment. (Tr. 15-16). Treatment notes signed by Dr. Parker from the Pikeville Family Practice Clinic do not document any treatment or even observations of depressive symptoms. (Tr. 319-325). The doctor's notes are entirely concerned with the claimant's physical problems relating to stomach problems and musculoskeletal pain. Therefore, under these circumstances, the undersigned finds no error.

     The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

     This the 30th day of June, 2008.

**Signed By:**
*G. Wix Unthank*
**United States Senior Judge**